IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, | ) Case No. 1:22-mc-11 |
|  ) | |
| Petitioner, | ) JUDGE PAMELA A. BARKER |
|  ) | |
| v. | ) MAGISTRATE JUDGE |
|  ) THOMAS M. PARKER | |
| EXPRESS AUTO AND TIRE LLC, et al., ) | |
|  ) | |
| Defendants. | ) **REPORT AND RECOMMENDATION** |
|  ) | |

This matter has been referred to the undersigned for preparation of a report and recommendation on the Secretary of Labor's petition to enforce compliance with an administrative subpoena *duces tecum*. ECF Doc. 3. For the reasons that follow, I recommend that the Secretary's petition be GRANTED, that respondents Express Auto and Tire LLC ("Express Auto") and Patrick S. Pierce be ordered to comply with the subpoena, that the statute of limitations under the Fair Labor Standards Act ("FSLA") be tolled, and that Pierce be held in contempt should the Court adopt my recommendation and Pierce fail to comply with the subpoena.

**I.      Relevant Background**

On February 14, 2022, the Secretary filed a petition to compel Express Auto and Pierce to comply with a subpoena *duces tecum* issued by the Regional Administrator of the United States Department of Labor's Wage and Hour Division ("WHD") on December 21, 2021. ECF Doc. 1. According to the Secretary, on November 3, 2021, WHD began an investigation into

Express Auto's compliance with the FLSA. ECF Doc. 1 at 3. WHD Investigator Stephen Banig contacted Express Auto's registered representative, Pierce, by phone and email and requested from him Express Auto's payroll documents. *Id.* Pierce did not respond to Investigator Banig's requests. *Id.*

The Secretary alleged than on November 29, 2021, WHD's Assistant District Director for the Cleveland Area Office, Nikolai Bogomolov, emailed and mailed Express Auto and Pierce a final written notice to submit the requested information and records by December 6, 2021. *Id.* Pierce did not comply with the request. *Id.* On December 21, 2021, WHD's Regional Administrator, Michael Lazzeri, issued a subpoena *duces tecum* directing Pierce to provide the requested payroll documents to Assistant District Director Bogomolov by January 4, 2022. ECF Doc. 1 at 4. Investigator Banig hand-delivered the subpoena to Pierce at Express Auto the next day, but Pierce did not comply. *Id.* On January 26, 2022, the Secretary sent a letter via email and mail requesting compliance with the subpoena by February 9, 2022. *Id.* Pierce did not comply. *Id.*

In support of his petition, the Secretary attached: (i) State of Ohio Articles of Organization for Express Auto (ECF Doc. 1-1); (ii) Investigator Banig's sworn declaration (ECF Doc. 1-2); (iii) emails sent by Investigator Banig to Pierce on November 9, 18, and 19, 2021 (ECF Doc. 1-3; ECF Doc. 1-4); (iv) Administrative District Director Bogomolov's sworn declaration and the November 29, 2021 written notice (ECF Doc. 1-5; ECF Doc. 1-6); (v) the subpoena *duces tecum* (ECF Doc. 1-7); and (vi) the January 26, 2022 letter from the Secretary (ECF Doc. 1-8).

On March 1, 2022, the Secretary's petition was referred to the undersigned for preparation of a report and recommendation. ECF Doc. 3. Following the court's referral order, I

scheduled a hearing on the Secretary's petition for March 21, 2022 and ordered Pierce and an authorized representative for Express Auto to appear in person and show cause why the subpoena should not be enforced by a court order. ECF Doc. 4. On March 4, 2022, the Secretary filed notices from the United Parcel Service ("UPS") indicating that the order scheduling the hearing and ordering Pierce and Express Auto to appear were received and signed for by Pierce. ECF Doc. 5.

On March 21, 2022, the court held the hearing, at which neither Pierce nor a representative for Express Auto appeared. The Secretary indicated that he had not heard from Pierce. Investigator Banig was also present and reiterated his interactions with Pierce to obtain Express Auto's payroll records. Investigator Banig added that what prompted the investigation into Express Auto's compliance with the FLSA was a claim of unpaid wages.[1]

## II.    Discussion

### A.    Enforcement of the Subpoena

This court's role in enforcing an administrative subpoena is limited to determining whether the agency has satisfied the statutory and judicially created standards for enforcement. *United States v. Markwood*, 48 F.3d 969, 976-77 (6th Cir. 1995). An administrative subpoena will be enforced if: "(1) the subpoena satisfies the terms of its authorizing statute; (2) the summoned materials are relevant to the investigation; (3) the information sought is not already within the Secretary of Labor's possession; and (4) enforcing the subpoena will not constitute an abuse of the court's process." *Solis v. PulteGroup, Inc.*, No. 12-50286, 2013 U.S. Dist. LEXIS 117845, at *6-7 (E.D. Mich. May 2, 2013) (citing *Doe v. United States*, 253 F.3d 256, 265 (6th

---

[1] At the hearing, the undersigned indicated that it would issue an order on the Secretary's petition. It should be clarified that the scope of the referral was only for issuance of a report and recommendation.

3

Cir. 2001)), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 116906 (E.D. Mich. Aug. 19, 2013).

The Secretary's subpoena *duces tecum* has satisfied the requirements for enforcement. The Secretary indicated that the subpoena was part of an investigation into Express Auto's compliance with the FLSA, which Investigator Banig stated at the hearing came as a result of a claim for unpaid wages. The FLSA authorizes the Secretary to investigate and gather information regarding wages, hours, and conditions of employment. 29 U.S.C. § 211(a). It further authorizes the Secretary to investigate any facts necessary to determine whether a violation of the FLSA has occurred. *Id.* And the Secretary can subpoena the production of documents to aid in any such investigation. 29 U.S.C. § 209 (cross-referencing 15 U.S.C. §§ 49-50)). Therefore, I find that the terms of the subpoena satisfy the terms of its authorizing statute.

The subpoena *duces tecum* also seeks documents that are relevant to the Secretary's investigation. Specifically, the subpoena seeks documents bearing on 21 areas of information for the time between period between November 11, 2019 and the date of production:

1. The names, addresses, and telephone numbers of each owner, corporate officer, and manager of Express Auto.

2. The ownership interest of each owner of Express Auto.

3. All branches and establishments controlled by or operating with Express Auto.

4. Express Auto's company organizational chart.

5. Express Auto's business structure, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

6. Federal and income tax forms submitted by or on behalf of Express Auto.

7. The annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by Express Auto.

8. The name, last known address, and telephone number of each worker performing work for Express Auto.

9. The dates of birth of each worker under the age of 18 from November 11, 2019 through the date of production.

10. The job descriptions, duties, and occupations of Express Auto's workers.

11. Workers treated as exempt from federal minimum wage of overtime wage requirements.

12. Contracts and agreements between Express Auto and workers it considers to be independent contractors and subcontractors.

13. W-2 and/or 1099 Forms distributed by Express Auto to its workers.

14. The rate of pay per worker, per pay period and any changes made to the pay rate and applicable dates for each worker.

15. The total gross wages paid per pay period for each worker.

16. Cash payments to workers.

17. Workers' work schedules.

18. Each worker's starting and ending time and day for each workweek.

19. The hours worked each workday and total hours worked for each workweek by each worker.

20. The total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

21. Additions to, or deductions from, wages paid each pay period to each worker, as well as Express Auto's employment policies and procedures related to worker compensation and hours worked.

ECF Doc. 1-7 at 3-5. Given that the Secretary's subpoena has not been challenged, I find that "the evidence sought by the subpoena [is] not plainly incompetent or irrelevant to any lawful purpose of the [agency] in the discharge of [its] duties. *Doe*, 253 F.3d at 266 (quotation marks

5

omitted; alterations in original). Therefore, I find that the Secretary's subpoena seeks relevant material.

The Secretary indicated in his petition that Pierce has not complied with the subpoena *duces tecum*. And the Secretary stated at the hearing that he has not heard from Pierce since this enforcement action began. Therefore, I find that the information sought from Express Auto is not already in the Secretary's possession. And because neither Pierce nor an authorized representative from Express Auto has at any point challenged the Secretary's efforts to seek the requested documents or appear before the court to contest enforcement of the subpoena, I find that enforcing the subpoena would not constitute an abuse of process. *See Doe*, 253 F.3d at 272 (stating that the burden is on the party upon whom compliance is sought to show that enforcement would constitute an abuse of process).

Because all four requirements for enforcement have been met, I recommend that the Court order Pierce, as the registered agent for Express Auto, to comply with the subpoena *duces tecum* within seven (7) days of the Court's adoption of this recommendation.

**B.  Statute of Limitations**

The Secretary requests that the Court toll the FLSA statute of limitations, which he reiterated at the hearing. ECF Doc. 1 at 4-5.

The FLSA imposes a two-year statute of limitations from the time the action accrues and a three-year statute of limitations from the time the action accrues if it arises out of a willful violation. 29 U.S.C. § 255(a). The limitations period is the same for enforcement actions by the Secretary as it is for civil actions. *Id.* The statute of limitations is subject to equitable tolling. *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). The petitioner carries the burden of demonstrating the need for tolling in a particular case by showing diligence in pursing his rights

6

and that his inability to meet the deadline imposed by the statute of limitations arose from circumstances beyond his control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1076 (S.D. Ohio 2016).

I find that the Secretary has made the requisite showing for equitable tolling under the circumstances of this case. The materials submitted by the Secretary indicate that the Secretary has been diligent in attempting to obtain payroll records from Pierce and Express Auto since November 3, 2021. The Secretary has been unable to obtain the records due to circumstances beyond his control – Pierce's refusal to comply with informal, formal, and administrative subpoena requests for Express Auto's payroll records. Given that the evidence sought is material to the Secretary's ability to bring an action, the Secretary has been diligent, and Pierce has failed to comply or explain his refusal to respond, I find it appropriate to toll the statute of limitations. *See Hugler v. La Piedad Corp.*, No. 16-9015, 2017 U.S. Dist. LEXIS 230304, at *7-8 (W.D. Mo. Mar. 29, 2017).

I recommend, therefore, that the FLSA statute of limitations be tolled, dating back to the time Pierce was served with the administrative subpoena – December 22, 2021.

    **C.**    **Enforcement of the Court's Order**

At the hearing, the Secretary requested that the court employ any coercive powers it deems necessary to ensure compliance with the subpoena.

The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P 45(g); *see also* Fed. R. Civ. P. 37(2)(A)(vii) (stating that failure to obey with an order to provide discovery can be treated as contempt of court). The court also has the "inherent power to sanction a party when

that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Ins.*, 324 F.3d 409, 420 (6th Cir. 2003).

When presiding over a matter upon referral, the role of the magistrate judge is to certify facts on the issue of contempt to the district judge. 28 U.S.C. § 636(e)(6)(B). The undersigned certifies that:

1. Pierce is the registered agent for Express Auto (ECF Doc. 1-1).

2. As part of an investigation by the Secretary into Express Auto's compliance with the FLSA, Pierce was instructed to provide Express Auto's payroll records to Investigator Banig on November 18, 2021 (ECF Doc. 1-2 at 2-3; ECF Doc. 1-3).

3. On November 18, 2021, Pierce neither produced the requested documents nor attended the scheduled appointment with Investigator Banig to review Express Auto's compliance with the FLSA (ECF Doc. 1-2 at 3; ECF Doc. 1-4 at 4).

4. On November 29, 2021, Assistant District Director Bogomolov issued a letter demanding that Pierce produce Express Auto's payroll records by December 6, 2021 (ECF Doc. 1-6).

5. Pierce did not produce the documents requested in the November 29, 2021 letter (ECF Doc. 1-5 at 3).

6. On December 21, 2021, Regional Administrator Lazzeri issued a subpoena *duces tecum* requiring Pierce to produce Express Auto's payroll records by January 4, 2022 (ECF Doc. 1-7 at 2).

7. On December 22, 2021, Investigator Banig personally served Pierce with the subpoena *duces tecum*, explained to Pierce his obligations under the subpoena, and confirmed that Pierce understood those obligations (ECF Doc. 1-2 at 4; ECF Doc. 1-7 at 6).

8. Pierce did not produce the documents requested in the December 21, 2021 subpoena *duces tecum* (ECF Doc. 1-2 at 4; ECF Doc. 1-8 at 2).

9. On January 26, 2022, the Secretary sent Pierce a letter advising him that if he did not provide the requested documents before February 9, 2022, the Secretary would initiate an enforcement action in federal court (ECF Doc. 1-8 at 2).

10. Pierce did not respond to the Secretary's letter (ECF Doc. 1 at 4).

11. On February 14, 2022 the Secretary filed a petition to compel Pierce to comply with the December 21, 2021 subpoena *duces tecum* (ECF Doc. 1).

12. On March 2, 2022, the court set a hearing on the petition for March 21, 2022 at 10:00 a.m. and ordered, on pain of civil contempt, that Pierce and an authorized representative of Express Auto appear and show cause why the subpoena *duces tecum* should not be enforced (ECF Doc. 4).

13. The court sent copies of the show cause order: (i) to Pierce by email at the email address he provided to the Secretary and by mail at his Wickliffe, Ohio, address, which was later returned and forwarded to a Chardon, Ohio, address; and (ii) to Express Auto at its Middlefield, Ohio, address (Dkt. Entry dated 3/2/2022; ECF Doc. 6).

14. The Secretary sent copies of the show cause order to Pierce and Express Auto at the Wickliffe and Middlefield addresses via UPS and received signature receipt confirming that "Pierce" received the show cause order (ECF Doc. 5).

15. On March 21, 2022, neither Pierce nor an authorized representative for Express Auto appeared at the hearing.

16. To date, neither Pierce nor Express Auto has produced the documents requested in the December 21, 2021 subpoena *duces tecum*, contested the Secretary's request for the documents, or otherwise articulated a basis for why they cannot comply with the subpoena.

Based on the foregoing, the Court already has a basis upon which to hold Pierce in contempt. And, as stated below, this report and recommendation will be delivered to Pierce in person. Upon the Secretary's certification of having done so, I would certify that Pierce will be on notice that failure to comply with the Court's order may result in an additional finding of contempt. Should Pierce fail to comply with the subpoena *duces tecum* within seven (7) days of the Court's adoption of this recommendation, I would certify his failure to comply with the Court's order. Based on these certified facts, I would find by clear and convincing evidence that Pierce will have twice failed to comply with a definite and specific order of the Court and recommend that he be held in contempt of court. *See Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003).

Accordingly, I recommend that if Pierce or an authorized representative from Express Auto does not produce the documents requested by the subpoena *duces tecum* within seven (7) days of the Court's adoption of this recommendation, the Court: (1) hold Pierce in civil contempt; (2) order that Pierce may purge himself of the contempt by producing the documents requested in the subpoena; and (3) if Pierce fails to purge himself within seven (7) days of the Court's contempt order, order that a warrant issue for Pierce's arrest on civil contempt.

D.     **Conclusion**

To summarize, I recommend that the Secretary's petition (ECF Doc. 1) be GRANTED and that Pierce, as the registered agent for Express Auto, be ordered to comply with the subpoena *duces tecum* within seven (7) days of the Court's adoption of this recommendation.

I recommend that the Secretary's request for tolling be GRANTED and that the FLSA statute of limitations be tolled.

I recommend that the Court: (1) hold Pierce in contempt should he or an authorized representative from Express Auto fail to produce the documents requested by the subpoena *duces tecum* within seven (7) days of the Court's adoption of this recommendation; (2) order that Pierce may purge himself of the contempt by producing the documents requested in the subpoena; and (3) if Pierce fails to purge himself within seven (7) days of the Court's contempt order, order that a warrant issue for Pierce's arrest on civil contempt.

In light of Pierce's failure to appear at the hearing and the need to ensure that Pierce is on notice of the consequences for failing to comply with the subpoena *duces tecum* should the Court adopt my recommendation, the Clerk of Court is ORDERED to mail a copy of this report and recommendation to Pierce through UPS at the following addresses: (1) 1584 Ridgewick Dr., Wickliffe, OH 44092; (2) 15651 W High St., Middlefield, OH 44062; and (3) 212 Goredon Dr.,

Chardon, OH 44024-1514.  Signature receipt must be required.  A copy should also be emailed to Pierce at expressautomiddlefield@gmail.com.  It is further ORDERED that the Secretary personally serve Pierce with a copy of this recommendation and file a certification with the court upon having done so.

Dated: March 24, 2022

                                                  Thomas M. Parker
                                               United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).