IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor | Case No. 1:22mc00011 |
| Petitioner, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge Thomas Parker |
| Express Auto and Tire, LLC, Et al., | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas Parker (Doc. No. 7), recommending that (1) the Petition of Martin J. Walsh, Secretary of Labor ("Secretary") be granted; (2) Respondents Express Auto and Tire LLC ("Express Auto") and Patrick S. Pierce ("Pierce") be ordered to comply with the administrative subpoena issued by the Secretary on December 21, 2021; (3) the statute of limitations under the Fair Labor Standards Act ("FLSA") be tolled; and (4) Pierce be held in contempt should the Court adopt the Report & Recommendation and Pierce fail to comply with the subpoena. No objections have been filed.

For the following reasons, the Report and Recommendation is ADOPTED IN PART, as set forth herein.

**I.      Background**

The Petition alleges the following facts. On November 3, 2021, the United States Department of Labor's Wage and Hour Division ("WHD") began an investigation into Express Auto's compliance with the FLSA. (Doc. No. 1 at 3.) WHD Investigator Stephen Banig contacted Express

Auto's registered representative, Pierce, by phone and email and requested from him Express Auto's payroll documents. (*Id.*) Pierce did not respond to Investigator Banig's requests. (*Id.*) On November 29, 2021, WHD's Assistant District Director for the Cleveland Area Office, Nikolai Bogomolov, emailed and mailed Express Auto and Pierce a final written notice to submit the requested information and records by December 6, 2021. (*Id.*) Pierce did not comply with the request. (*Id.*)

On December 21, 2021, WHD's Regional Administrator, Michael Lazzeri, issued a subpoena *duces tecum* directing Pierce to provide the requested payroll documents to Assistant District Director Bogomolov by January 4, 2022. (*Id.* at 4.) Investigator Banig hand-delivered the subpoena to Pierce at Express Auto the next day, but Pierce did not comply. (*Id.*) On January 26, 2022, the Secretary sent a letter via email and mail requesting compliance with the subpoena by February 9, 2022. (*Id.*) Once again, Pierce did not comply. (*Id.*)

On February 14, 2022, the Secretary filed a Petition to compel Express Auto and Pierce to comply with the subpoena.[1] (Doc. No. 1.) The Court referred the Secretary's Petition to Magistrate Judge Thomas Parker for preparation of a Report and Recommendation. (Doc. No. 3.) Magistrate Judge Parker scheduled a hearing for March 21, 2022 and ordered Pierce and an authorized representative for Express Auto to appear in person and show cause why the subpoena should not be enforced by a court order. (Doc. No. 4.) On March 4, 2022, the Secretary filed notices from the United Parcel Service ("UPS") indicating that the order scheduling the hearing and ordering Pierce and Express Auto to appear were received and signed for by Pierce. (Doc. No. 5.)

---

[1] In support of his Petition, the Secretary attached: (1) State of Ohio Articles of Organization for Express Auto; (2) Investigator Banig's sworn declaration; (3) emails sent by Investigator Banig to Pierce on November 9, 18, and 19, 2021; (4) Administrative District Director Bogomolov's sworn declaration and the November 29, 2021 written notice; (5) the subpoena duces tecum; and (6) the January 26, 2022 letter from the Secretary. (Doc. Nos. 1-1 through 1-8.)

2

Magistrate Judge Parker conducted the hearing on March 21, 2022. *See* Minutes of Proceedings dated March 21, 2022. Neither Pierce nor a representative for Express Auto appeared. *Id*. The Secretary indicated that he had not heard from Pierce. *Id*. Investigator Banig was also present and reiterated his interactions with Pierce to obtain Express Auto's payroll records. *Id*. Investigator Banig added that what prompted the investigation into Express Auto's compliance with the FLSA was a claim of unpaid wages. *Id*.

On March 24, 2022, the Magistrate Judge issued a Report and Recommendation, in which he recommended that (1) the Petition be granted; (2) Pierce (as registered agent for Express Auto) be ordered to comply with the subpoena duces tecum issued by the Secretary within seven (7) days of this Court's adoption of the Report & Recommendation; (3) the statute of limitations under the FLSA be tolled back to the date of service of the subpoena; and (4) Pierce be held in contempt should the Court adopt the Report & Recommendation and Pierce fail to comply with the subpoena. (Doc. No. 7.) Objections to the Report and Recommendation were to be filed within 14 days of service. (*Id*. at p. 11.)

On March 31, 2022, the Secretary filed a Declaration that the Report & Recommendation had been personally served on Pierce on March 29, 2022. (Doc. No. 9.) Thus, Objections were due by no later than April 12, 2022. No objections were filed by either the Secretary or Respondents.

**II.    Standard of Review**

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

3

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

### III.  Analysis and Conclusion

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Parker. This Court has nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees that the December 21, 2021 subpoena *duces tecum* is enforceable. The Court further agrees that Pierce (as registered agent of Express Auto) should be ordered to comply with the subpoena but hereby orders that he shall produce the requested documents within fourteen (14) days from the date of this Order. The Court also agrees, in the absence of any Objections and for the reasons set forth in the Report & Recommendation, that the FLSA statute of limitations shall be equitably tolled, dating back to the time Pierce was served with the administrative subpoena, i.e., December 22, 2021. The Court declines to make any findings regarding contempt at this time and, instead, will address the issue of contempt in the event that Pierce fails to comply with the subpoena as directed herein.

The Report and Recommendation of Magistrate Judge Parker is, therefore, ADOPTED in part as set forth herein. The Clerk of Court is ORDERED to mail a copy of this Memorandum Opinion & Order to Pierce through the United Parcel Service, with signature receipt required, at all three addresses on record: (1) 1584 Ridgewick Dr., Wickliffe, OH 44092; (2) 15651 W High St., Middlefield, OH 44062; and (3) 212 Goredon Dr., Chardon, OH 44024-1514. A copy should also be emailed to Pierce at expressautomiddlefield@gmail.com. It is further ORDERED that the Secretary personally serve Pierce with a copy of this Memorandum Opinion & Order and file a certification with the Court upon having done so.

**IT IS SO ORDERED.**

Date: April 19, 2022

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE