IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Martin J. Walsh,<br>Secretary of Labor<br><br>Petitioner,<br><br>-vs-<br><br>Express Auto and Tire, LLC,<br>Et al.,<br><br>**Respondents.** | Case No. 1:22mc00011<br><br>JUDGE PAMELA A. BARKER<br><br>MEMORANDUM OPINION AND<br>ORDER OF CASE DISMISSAL |

This matter is before the Court upon the Motion of Petitioner Martin J. Walsh, Secretary of Labor ("Secretary") for Attorney Fees and Adjudication of Civil Contempt, filed December 16, 2022. (Doc. No. 26.) Respondents Express Auto and Tire LLC ("Express Auto") and Patrick S. Pierce ("Pierce") did not file a response. For the following reasons, the Petitioner's Motion is GRANTED, as set forth herein.

I.      Background

The Petition alleges the following facts. On November 3, 2021, the United States Department of Labor's Wage and Hour Division ("WHD") began an investigation into Express Auto's compliance with the Fair Labor Standards Act ("FLSA"). (Doc. No. 1 at 3.) WHD Investigator Stephen Banig contacted Express Auto's registered representative, Pierce, by phone and email and requested from him Express Auto's payroll documents. (*Id*.) Pierce did not respond to Investigator Banig's requests. (*Id*.) On November 29, 2021, WHD's Assistant District Director for the Cleveland Area Office, Nikolai Bogomolov, emailed and mailed Express Auto and Pierce a final written notice

to submit the requested information and records by December 6, 2021. (*Id.*) Pierce did not comply with the request. (*Id.*)

On December 21, 2021, WHD's Regional Administrator, Michael Lazzeri, issued a subpoena *duces tecum* directing Pierce to provide the requested payroll documents to Assistant District Director Bogomolov by January 4, 2022. (*Id.* at 4.) Investigator Banig hand-delivered the subpoena to Pierce at Express Auto the next day, but Pierce did not comply. (*Id.*) On January 26, 2022, the Secretary sent a letter via email and mail requesting compliance with the subpoena by February 9, 2022. (*Id.*) Once again, Pierce did not comply. (*Id.*)

On February 14, 2022, the Secretary filed a Petition to compel Express Auto and Pierce to comply with the subpoena.[1] (Doc. No. 1.) The Court referred the Secretary's Petition to Magistrate Judge Thomas Parker for preparation of a Report and Recommendation. (Doc. No. 3.) Magistrate Judge Parker scheduled a hearing for March 21, 2022 and ordered Pierce and an authorized representative for Express Auto to appear in person and show cause why the subpoena should not be enforced by a court order. (Doc. No. 4.) On March 4, 2022, the Secretary filed notices from the United Parcel Service ("UPS") indicating that the order scheduling the hearing and ordering Pierce and Express Auto to appear were received and signed for by Pierce. (Doc. No. 5.)

Magistrate Judge Parker conducted the hearing on March 21, 2022. *See* Minutes of Proceedings dated March 21, 2022. Neither Pierce nor a representative for Express Auto appeared. *Id*. The Secretary indicated that he had not heard from Pierce. *Id*. Investigator Banig was also present

---

[1] In support of his Petition, the Secretary attached: (1) State of Ohio Articles of Organization for Express Auto; (2) Investigator Banig's sworn declaration; (3) emails sent by Investigator Banig to Pierce on November 9, 18, and 19, 2021; (4) Administrative District Director Bogomolov's sworn declaration and the November 29, 2021 written notice; (5) the subpoena duces tecum; and (6) the January 26, 2022 letter from the Secretary. (Doc. Nos. 1-1 through 1-8.)

2

and reiterated his interactions with Pierce to obtain Express Auto's payroll records. *Id*. Investigator Banig added that what prompted the investigation into Express Auto's compliance with the FLSA was a claim of unpaid wages. *Id*.

On March 24, 2022, the Magistrate Judge issued a Report and Recommendation, in which he recommended that (1) the Petition be granted; (2) Pierce (as registered agent for Express Auto) be ordered to comply with the subpoena *duces tecum* issued by the Secretary within seven (7) days of this Court's adoption of the Report & Recommendation; (3) the statute of limitations under the FLSA be tolled back to the date of service of the subpoena; and (4) Pierce be held in contempt should the Court adopt the Report & Recommendation and Pierce fail to comply with the subpoena. (Doc. No. 7.) Objections to the Report and Recommendation were to be filed within 14 days of service. (*Id*. at p. 11.)

On March 31, 2022, the Secretary filed a Declaration that the Report & Recommendation had been personally served on Pierce on March 29, 2022. (Doc. No. 9.) No objections were filed by either the Secretary or Respondents.

On April 19, 2022, this Court issued a Memorandum Opinion & Order adopting the Report & Recommendation in part, as follows:

> This Court has … carefully and thoroughly reviewed the Report and Recommendation and agrees that the December 21, 2021 subpoena *duces tecum* is enforceable. The Court further agrees that Pierce (as registered agent of Express Auto) should be ordered to comply with the subpoena but hereby orders that he shall produce the requested documents within fourteen (14) days from the date of this Order. The Court also agrees, in the absence of any Objections and for the reasons set forth in the Report & Recommendation, that the FLSA statute of limitations shall be equitably tolled, dating back to the time Pierce was served with the administrative subpoena, i.e., December 22, 2021. The Court declines to make any findings regarding contempt at this time and, instead, will address the issue of contempt in the event that Pierce fails to comply with the subpoena as directed herein.

3

(Doc. No. 10 at p. 4.) The Court ordered the Clerk to (1) mail copies of the Memorandum Opinion & Order to Pierce through the United Parcel Service, with signature receipt required, to all three of his addresses on record; and (2) email a copy of the Memorandum Opinion & Order to Pierce at expressautomiddlefield@gmail.com. (*Id*. at p. 5.) In addition, the Court ordered the Secretary to personally serve Pierce with a copy of the Memorandum Opinion & Order and file a certification with the Court upon having done so. (*Id*.)

The docket reflects that, after several unsuccessful efforts to personally serve Pierce, [2] the Secretary filed a Notice indicating that Pierce was personally served with the Court's April 19, 2022 Memorandum Opinion & Order on June 17, 2022. (Doc. No. 16.)

On September 1, 2022, the Secretary filed a Motion for Civil Contempt and a Daily Coercive Fine, in which he indicated that Respondents have failed to comply with this Court's Memorandum Opinion & Order. (Doc. No. 19.) The Secretary argued that Respondents should be held in civil contempt, ordered to produce all documents requested in the administrative subpoena within five calendar days, and subjected to a coercive fine of $250 per day for each day that they fail to comply. (*Id.* at p. 5.) No response was filed.

The Court scheduled an in-person hearing on the Secretary's Motion on October 31, 2022. In light of the difficulties the Secretary had encountered in attempting to successfully serve Respondents with court filings, the Court directed the U.S. Marshals to serve Respondents with copies of both the Secretary's Motion for Civil Contempt and this Court's Order setting the October 31, 2022 hearing.

---

[2] The docket also reflects that, of the three copies of this Court's Memorandum Opinion & Order that were mailed to Pierce by the Clerk of Court, one was returned as "refused" and another returned because it was "not picked up." (Doc. Nos. 11, 12.)

4

(Doc. No. 20.) After several unsuccessful attempts, the Marshals were ultimately able to serve Respondent Pierce by placing copies of the Motion and Order noted above, in Pierce's mailbox at his Chardon, Ohio address. (Doc. No. 21.)

The Court proceeded to conduct the in-person hearing on October 31, 2022. The hearing was attended by counsel for the Secretary, Wage and Hour Investigator Stephen Banig, and Respondent Pierce. *See* Non-Doc Order dated October 31, 2022. During the hearing, Respondent Pierce confirmed that he had received both the Motion for Civil Contempt (Doc. No. 19) and Order setting Hearing (Doc. No. 20). The parties advised the Court that they had reached an agreement for Respondent to (1) meet with Mr. Banig on November 10, 2022 at 12:30 p.m. at the Office of the Wage and Hour Division at the John S. Seiberling Federal Building, 2 S. Main Street, Akron, Ohio; and (2) produce the documents requested in the administrative subpoena issued by the Petitioner in December 2021. Respondent confirmed the above on the record and indicated that it was his intent to cooperate with the Petitioner going forward.

The Court advised Respondent that the consequences for failing to cooperate with Petitioner could include a finding of civil contempt, imposition of a daily coercive fine, an Order requiring him to reimburse Petitioner for costs associated with enforcing the subpoena, and, potentially, imprisonment. Respondent indicated that he understood the potential consequences of failing to cooperate. Counsel for Petitioner suggested that, if Respondent met with Mr. Banig and produced the requested documents as set forth above, Petitioner would consider withdrawing his Motion for Civil Contempt (Doc. No. 19.) In light of the above, and at the Petitioner's request, the Court stayed a determination on the Petitioner Motion for Civil Contempt (Doc. No. 19) and stated that it would reconvene the hearing in this matter on Friday, December 16, 2022, if necessary.

On December 13, 2022, Petitioner filed an "Update on Status of Motion for Civil Contempt." (Doc. No. 24.) Therein, Petitioner stated that Respondents "have provided sufficient documentation to resolve the Wage and Hour investigation underlying the enforcement of this subpoena and motion for civil contempt." (*Id*.) Thus, Petitioner indicted that the underlying issues raised in Petitioner's Motion for Civil Contempt and a Daily Coercive Fine (Doc. No. 19) had been resolved. Petitioner also stated, however, that he intended to seek costs and attorney's fees from Respondent Pierce.[3] Petitioner stated that, if no agreement could be reached with Respondent, he intended to file a Motion for Attorney's Fees and Costs prior to the December 16, 2022 hearing, and requested that the hearing go forward as to this yet-to-be-filed motion.

On December 14, 2022, this Court issued an Order denying Petitioner's Motion for Civil Contempt and a Daily Coercive Fine (Doc. No. 19) as moot. (Doc. No. 25.) The Court denied Petitioner's request to proceed with a hearing on December 16, 2022 on the issue of Petitioner's request for Attorney's Fees and Costs because Respondent would not have had a sufficient opportunity to respond to that request. Indeed, given Respondent Pierce's *pro se* status, the Court noted that "it is not even certain that Pierce can be served with Petitioner's anticipated Motion prior to the December 16, 2022 hearing." (*Id*. at p. 2.) Accordingly, the hearing set for December 16, 2022 was cancelled. Lastly, the Court advised that "if Petitioner and Respondent are unable to reach a resolution as to the issue of attorney's fees and costs, Petitioner may file a Motion seeking the same and Respondent shall have fourteen (14) days to file a Response." (*Id.*)

---

[3] Petitioner did not seek attorney's fees and costs in his September 2022 Motion for Civil Contempt. (Doc. No. 19.) Rather, in that Motion, Petitioner stated, in a footnote, that he "reserves the right to seek further sanctions, such as an award of reasonable attorney fees and costs at a later time." (*Id*. at p. 5, fn 1.)

On December 16, 2022, Petitioner filed the instant Motion for Adjudication of Civil Contempt and Award of Reasonable Attorney's Fees. (Doc. No. 26.) In his Certificate of Service, Petitioner states that he served a copy of the Motion to both Respondents via email addresses provided by Respondent Pierce. (*Id.* at p. 3.) Respondents did not file a response to Petitioner's Motion.

Upon careful review, the Court determines that an additional hearing is not necessary.

## II. Legal Standard

The Court has the authority to assure compliance with its orders through civil contempt. *See S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.") "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

The Sixth Circuit has held that "[a] litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he [violated] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). *See also Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). "Contempt cannot be based on 'a decree too vague to be understood,' but is instead reserved for those who 'fully understand[ ]' the meaning of a court order and yet 'choose[ ] to ignore its mandate.'" *Gascho*, 875 F.3d at 800 (quoting *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)).

Accordingly, when deciding whether a court order is "definite and specific," courts must construe any ambiguity in favor of the party charged with contempt. *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996).

Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The court must also consider whether the party "took all reasonable steps within [his] power to comply with the court's order." *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (citations omitted).

"A decision on a contempt petition is within the sound discretion of the trial court," and "the power 'to punish for contempts' should not be used lightly...." *Gary's Elec. Serv. Co.*, 340 F.3d at 387 (6th Cir. 2003) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)). *See also Gascho*, 875 F.3d at 799 (noting that "[c]ontempt is serious" and "a measure of last resort, not first resort.") This discretion includes the power to frame sanctions so that they fit the violation in question. *See Adcor Indus. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 794 (N.D. Ohio 2005) (citing *Gary's Elec. Serv. Co.*, 340 F.3d at 385).

**III.     Analysis**

In his Motion, the Secretary argues that Respondents should be held in civil contempt because this Court's April 19, 2022 Memorandum Opinion & Order (hereinafter "April 19, 2022 Order" or "Order") was definite and specific, Respondents had knowledge of the Order, and Respondents

8

clearly violated it by failing to timely comply with the administrative subpoena at issue. (Doc. No. 26-1 at p. 3.)

The Court agrees. As set forth above, this Court's April 19, 2022 Order clearly found that the December 2021 administrative subpoena is enforceable and ordered Respondents to "produce the requested documents within fourteen days of the date of this Order." (Doc. No. 10 at p. 4.) To ensure that Respondents had knowledge of the Order, the Court sent it via certified mail to three separate addresses on record for the Respondents and, further, ordered the Secretary to personally serve a copy on Pierce. (*Id.* at p. 5.) The docket reflects that the Secretary personally served Pierce a copy of the April 19, 2022 Order on June 17, 2022. (Doc. No. 16.)

The Court further finds that Respondents violated the April 19, 2022 Order by failing to timely produce the documents requested in the administrative subpoena. As noted above, the Court's April 19, 2022 Order required Respondents to produce the requested documents within "fourteen days of the date of this Order." (Doc. No. 10 at p. 5.) Given that Respondents were not served with the Order until June 17, 2022, the Court runs the fourteen days from the date of service, making the response deadline July 1, 2022. Respondents, however, failed to produce any documents until November 2022, approximately four (4) months after this response deadline and only after this Court was forced to conduct a hearing to address Respondents' non-compliance. (Doc. No. 26-1 at p. 3.) Notably, during the hearing, Respondent Pierce did not offer any reason why he had been unable to comply with this Court's Order in a timely fashion.

Based on the above, the Court finds that the Secretary has shown, by clear and convincing evidence, that Respondents violated the April 19, 2022 Order. The Court further finds that Respondents have failed to demonstrate that they made any effort to timely comply, or that there is

some reason why they were unable to timely comply, with that Order. Faced with similar circumstances, numerous district courts have found respondents in contempt for failing to comply with Court Orders enforcing administrative subpoenas. *See, e.g., Acosta v. N&B Lundy Corp.*, 2017 WL 1709438 at * 3 (M.D. Pa. May 3, 2017); *Lineback v. Cherry Creek Electric, Inc.,* 2016 WL 1714221 at * 3 (C.D. Ill. March 23, 2016), *report and recommendation adopted*, 2016 WL 1651793 (C.D. Ill. April 26, 2016). *See also Objective Solutions Intern., Ltd. v. Gammon*, 2008 WL 754674 at * 1 (S.D.N.Y. March 14, 2008) (finding defendants in contempt and awarding attorney's fees even where defendants came into compliance with the relevant court order before the motion for contempt was filed); *Shady Records, Inc. v. Source Enterprise, Inc*., 351 F.Supp.2d 64, 73 (S.D. N.Y. 2004) (same). Accordingly, and for all the reasons set forth above, the Court finds that Respondents are in civil contempt for failing to comply with this Court's April 19, 2022 Order.

The Secretary next argues that the Court should impose sanctions for Respondents' failure to timely comply this Court's April 19, 2022 Order. (Doc. No. 26-1 at p. 4-6.) Specifically, the Secretary requests that the Court order Respondents to pay the attorney's fees incurred by the Secretary after June 17, 2022; i.e., the date on which the Secretary personally served Respondents with the Court's April 19, 2022 Order. (*Id*. at p. 5.) As outlined in a Declaration attached to his Motion, the Secretary's counsel, Adam Lubow, avers that he expended 11.50 hours on the instant matter after June 17, 2022, both in preparing the September 2022 Motion for Civil Contempt and in preparing the instant Motion. (Doc. No. 26-2.) The Secretary argues that, given Attorney Lubow's fifteen years of experience in labor matters, an hourly rate of $250 is reasonable and appropriate. (Doc. No. 26-1 at p. 4-5; Doc. No. 26-2.) While a strict lodestar calculation (11.50 hours x $250.00 per hour) would result in an award of $2,875.00, the Secretary only seeks an award of $2000.00, in

recognition of the fact that Respondent Express Auto and Tire LLC is no longer in business. (Doc. No. 26-1 at p. 6.)

The Court finds that an award of $2000.00 in attorney's fees is reasonable and appropriate under the circumstances. As noted above, a district court has "broad discretion to fashion an appropriate remedy for" a party's contempt. *See Williamson v. Recovery Ltd Partnership*, 467 Fed. Appx. 382, 396 (6th Cir. 2012); *Paterek v. Village of Armada, Michigan*, 801 F.3d 630, 644-645 (6th Cir. 2015) ("The power to shape the appropriate remedy for a finding of contempt lies squarely within the discretion of the district court."). This includes the imposition of a fine.[4] *See* 18 U.S.C. § 401(3) ("A court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as -- ** (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.") Moreover, courts have noted that "[c]ompensation of the injured party in a contempt proceeding 'often consist[s] of reasonable costs (including attorneys' fees) incurred in bringing the civil contempt proceeding.'" *American Consolidated Industries, Inc. v. Blasingim*, 2022 WL 17687491 at * 27 (N.D. Ohio Dec. 15, 2022) (quoting *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F.Supp.3d 133, 142 (D.D.C. 2015)) (quoting *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 70, 76 (D.D.C. 2003)). "The remedial purposes of contempt suggest that a court may award reasonable attorneys' fees and costs as part of the losses the

---

[4] As one district court recently explained, "'[a] contempt fine … is considered civil and remedial if it either 'coerces the defendant into compliance with the court's order, [or] ... compensates the complainant for losses sustained.'" *Tempur-Pedic North America, LLC v. SOS Furniture Co., Inc.*, 2020 WL 6302648 at * 3 (E.D. Ky. June 29, 2020) (quoting *Int'l Union v. Bagwell*, 114 S. Ct. 2552, 2558 (1994) (internal quotation omitted)). A compensatory fine is payable to the complainant whereas a coercive fine is payable to the court. *Id.* Here, the Secretary is seeking a compensatory fine. (Doc. No. 26 at p. 1.)

11

injured party sustains as a result of the violation of the court order." *Id.* See also *Landmark Legal Found.*, 272 F. Supp. 2d at 86.

Lastly, district courts have imposed awards of reasonable attorney's fees for a respondent's failure to comply with a district court order enforcing an administrative subpoena. *See, e.g., Lineback v. Cherry Creek Electric, Inc.*, 2016 WL 1714221 at * 3- 4 (C.D. Ill. March 23, 2016) *report and recommendation adopted*, 2016 WL 1651793 (C.D. Ill. Apr. 26, 2016); *Hugler v. Guard Servs. Int. Inc.*, 2017 WL 11048839 at *1 (N.D. Ga. Mar. 22, 2017); *Acosta v. N & B Lundy Corp.*, 2017 WL 1709438 at *3-*4 (M.D. Fla. May 3, 2017).

Here, in light of Respondents' failure to timely comply with the December 2021 administrative subpoena and April 19, 2022 Order despite numerous opportunities to do so, the Court finds that an award of reasonable attorney's fees against Respondents is appropriate. In addition, and in the absence of any opposition, the Court finds that (1) the requested hourly rate of $250 is reasonable given Attorney Lubow's fifteen years of experience in this area, and (2) the requested award of $2,000.00 is reasonable and appropriate under the circumstances. In so finding, the Court notes that this award is, in fact, considerably less than the lodestar calculation of $2,875.00. The Court finds this reduction reasonably takes into account the fact that Respondents ultimately complied with the Court's Order, as well as the fact that Respondent Express Auto and Tire, LLC is no longer in business.[5]

---

[5] As one district court in this District recently noted, "[s]ome authority requires a finding of willfulness before a court may award fees in connection with a finding of contempt." *American Consolidated Industries, Inc.*, 2022 WL 17687491 at * 2 (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) ("In a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as part of the fine to be levied on the defendant.") and *Liberis v. Craig*, 845 F.2d 326 (6th Cir. 1988) ("[A]ttorney's fees may be awarded to the prevailing party for the 'willful disobedience of a court order...as part of the fine to be levied on the defendant.' ") (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). To the extent a finding of willfulness is required to support an award of attorney fees with connection with a finding of contempt, the Court finds that Respondents

Accordingly, the Secretary is hereby awarded a reasonable attorney's fee award of $2,000.00.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Adjudication of Civil Contempt and an Award of Attorney's Fees (Doc. No. 26) is GRANTED, as follows.

**The Court finds that Respondents are in civil contempt for failing to comply with this Court's April 19, 2022 Order.  The Secretary is hereby awarded reasonable attorney's fees in the amount of $2,000.00.  Respondents are ORDERED to pay this amount to the Secretary within thirty (30) days of the date of this Order.  The Court will close the instant case but retains jurisdiction to enforce this Order.  If Respondents fail to achieve compliance with this Order within thirty (30) days of the date of service thereof, Respondents shall be ordered to appear before this Court to present evidence and testimony why they have failed to comply with this Order.  Respondents are cautioned that failure to comply with this Order may result in the imposition of additional sanctions, up to and including an additional daily coercive fine and/or imprisonment.**

The Clerk's Office is directed to serve Respondents with a copy of this Memorandum Opinion & Order via regular mail at 212 Goredon Dr., Chardon, OH 44024-1514.  In addition, the Clerk of

---

did, in fact, willfully fail to timely comply with this Court's April 19, 2022 Order.  In addition to failing to timely comply with this Court's Order despite numerous opportunities to do so, Respondents have repeatedly evaded service in this matter, resulting in both delay and in increased costs for both the Secretary and this Court.  Indeed, it took the Secretary nearly two months (and repeated attempts) to serve Respondents with a copy of this Court's April 19, 2022 Order.  Because of these difficulties, this Court felt compelled to direct the United States Marshals to serve Respondents.  This resulted in numerous service attempts by the Marshals, at taxpayer expense.  On at least two of these occasions, the Marshals were unable to serve Respondent Pierce because, although his vehicle was present at his residence, the Marshals were "unable to have anyone in the residence open the door."  *See* Non-Doc. Order dated Oct. 18, 2022. The Court finds that Respondent's refusal to timely comply with the subpoena, combined with his deliberate efforts to evade service, demonstrate willfulness sufficient to support an award of attorney's fees.

13

Court is ordered to email a copy of this Order to Respondent Pierce at expressautomiddlefield@gmail.com and logicoatroofing@gmail.com.

**IT IS SO ORDERED.**

Date:  January 18, 2023

                        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE